UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES PRAY,

                              *Plaintiff*,

-against-

CORRECTION OFFICER FREDERICK BREYETTE,

                              *Defendant*.

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(a)**

20-cv-1585
(GLS/ATB)

---

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for Plaintiff Charles Pray ("Plaintiff"), and Defendant Correction Officer Frederick Breyette ("Defendant"), parties to the above-entitled action ("Action"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of this Action, the Action be and the same hereby is settled on the particular circumstances of this Action, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this Action or any other parties:

      1.     Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff discontinues this Action with prejudice and without damages, costs, interest, or attorney's fees except as otherwise provided in this agreement (hereinafter referred to as the "Stipulation"). Plaintiff forever discharges and releases Defendant and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims,

1

demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this Action.

2. The parties agree that no provision of this Stipulation shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in this Action. The settlement of this Action is limited to the circumstances in this Action alone and shall not be given effect beyond the specific provisions stipulated to. This Stipulation does not form and shall not be claimed as any precedent for, or an agreement by the parties to, any generally applicable policy or procedure in the future.

3. Following the execution of this Stipulation, and it being ordered by the Court:

   a. Defendant shall pay to Plaintiff Charles Pray the sum of nine thousand dollars ($9,000.00) in full settlement of any and all claims asserted in this Action. The above amount shall constitute all sums to which Plaintiff is entitled, including but not limited to, damages, costs, and attorney's fees.

   b. The foregoing payment in the amount of $9,000.00 shall be made payable to Andrew F Plasse & Associates LLC and Charles Pray and mailed to Andrew F Plasse & Associates, 163-07 Depot Road, Suite 205, Flushing, NY 11358.

4. Payment of the amount specified in Paragraph 3 of this Stipulation is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law. Plaintiff agrees to timely execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval effectuating payment. Such documentation will be mailed

to counsel for the Plaintiff by agents of the Defendant responsible for the administrative processing of the settlement paperwork.

5. Payment of the amount referenced in Paragraph 3 of this Stipulation will be made no later than one hundred and twenty (120) days after the approval of this Stipulation by the Court, receipt by Defendant's counsel of a copy of the so-ordered Stipulation, and receipt by Defendant's counsel of all necessary documents referenced in Paragraph 4 of this Stipulation. However, if the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

6. In the event that the terms of Paragraph 4 of this Stipulation are satisfied, but payment is not made within the periods set forth in Paragraph 5 of this Stipulation, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after satisfaction of the pre-requisites set forth in Paragraph 4 of this Stipulation, or the 151st day after satisfaction of the pre-requisites set forth in Paragraph 4 of this Stipulation if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

7. If the approvals referred to in Paragraph 4 of this Stipulation are not obtained, this Stipulation shall be null and void and this Action shall then be placed back on the active docket without prejudice.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

9. The foregoing constitutes the entire agreement of the parties.

Dated: August 9, 2023
Flushing, New York

By: /s/ Andrew F. Plasse
Andrew F. Plasse
Andrew F Plasse Attorney at Law
Attorney for Plaintiff
163-07 Depot Road, Suite 205
Flushing, NY 11358
212-695-5811
Email: afp490@aol.com

Dated: August 10, 2023
Albany, New York

By: /s/ David C. White
David C. White
Office of Attorney General
State of New York
*Attorney for Defendant*
The Capitol
Albany, NY 12224
518-776-2601
Email: David.White@ag.ny.gov

Dated: Albany, New York
August 15, 2023

SO ORDERED:

/s/ Gary L. Sharpe
HON. GARY L. SHARPE
UNITED STATES DISTRICT COURT JUDGE

4